IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY RICHARDSON              :        CIVIL ACTION
                                :
        v.                      :
                                :
HARRY E. WILSON, et al.         :        No. 06-464

ORDER

AND NOW, this 29th day of November, 2006, upon
consideration of the petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2241(c)(3) (docket entry # 2), the response
opposing that petition (docket entry # 8), the Report and
Recommendation of the Honorable Linda K. Caracappa (docket entry
# 11), and petitioner's failure to object within ten days of
service of the Report and Recommendation, as required by 28
U.S.C. § 636(b)(1), and the Court finding that

        (a)  Richardson challenges the use of 42 Pa. C.S.A. §
9714 to enhance his sentence;

        (b)  Because Richardson remains in state custody and
claims that his custody, as opposed to the conditions of his
confinement, is unlawful, such a challenge could have been
brought under 28 U.S.C. § 2254(a);

        (c)  A petitioner may not evade the procedural
restrictions Congress has placed on petitions under Section 2254
by instead filing his claim under 28 U.S.C. § 2241, Coady v.
Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001);

        (d)  We agree with Magistrate Judge Caracappa that this
petition must therefore be treated as having been brought under
Section 2254;

(e)   28 U.S.C. § 2244(d) imposes a strict one-year limitation from the date a judgment becomes final on the filing of claims under Section 2254;

(f)   As Judge Caracappa found, Richardson's conviction became final on March 19, 1999;

(g)   Although the statute of limitations his claim would have been tolled during the pendency of a timely state court petition for post-conviction relief, Richardson did not file any petition in any court until August 13, 2004, long after the statute of limitations had run on his Section 2254 claim;[1]

(h)   We will, therefore, adopt Judge Caracappa's Report and Recommendation and deny Richardson's petition;

It is hereby ORDERED that:

1.   The Report and Recommendation is APPROVED and ADOPTED;

2.   The § 2254 petition is DENIED;

3.   The Clerk shall CLOSE this matter statistically; and

---

[1] Because the statute of limitations had already run when petitioner filed his state claim, we need not address the question of whether it was timely.

-2-

4.   Petitioner having failed to make a substantial showing of the deprivation of a constitutional right, we DECLINE to issue a certificate of appealability.

BY THE COURT:

/s/ Stewart Dalzell, J.